IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Machuca-Tellez,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Michael Chertoff, et al.,<br><br>　　　　Respondents. | No. CV 05-1866-PHX-SRB (MS)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Petitioner, previously confined in the Eloy Detention Center in Eloy, Arizona,[1] filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. section 2241 on June 21, 2005 (Doc. # 1).[2] The Petition contains four claims: (1) the Board of Immigration Appeals ("BIA") abused its discretion in dismissing Petitioner's appeal of the Immigration Judge's ("IJ's") decision denying Petitioner's application for an INA Section 212(c) waiver; (2) the BIA committed prejudicial error in dismissing Petitioner's appeal of the IJ's decision denying Petitioner's application for an INA Section 212(c) waiver; (3) Petitioner's due process rights were violated by the BIA's dismissal of Petitioner's appeal without a hearing to present evidence or testimony; and (4) Petitioner's due process rights were violated when Petitioner was taken into custody without a warrant on May 23, 2005. (Doc. # 1).

---

[1] Respondents filed a Notice of Intent to Remove on January 11, 2006 (Doc. # 26). The Court has not been apprized of Petitioner's current status.

[2] Petitioner is represented by counsel, see Doc. # 1 at 8.

Petitioner's "Motion for Stay of Removal," filed on June 21, 2005 (Doc. # 3), was denied by the Court on June 22, 2005 (Doc. # 4). On July 19, 2005 Respondents filed a Motion to Transfer Grounds I - III of the Petition on July 14, 2005 (Doc. # 12) and filed their Answer to Ground IV on August 23, 2005 (Doc. # 19). The Court ordered supplemental briefing on Ground IV, and Respondents filed their supplemental answer to Ground IV on September 19, 2005 (Doc. # 22) and Petitioner filed his supplemental reply on September 29, 2005 (Doc. # 23).

Upon review of the Petition, the responses, replies and record, the undersigned reports and recommends as follows:

**I.   BACKGROUND**

Petitioner is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident in 1977. [Doc. # 3 at 2]. In 1989 Petitioner entered a plea of no contest to a charge of second degree burglary in violation of Section 211 of the California Penal Code ("CPC"), for which he was sentenced to 365 days of imprisonment. [Id. at 3] In 1993 Petitioner entered a plea of no contest to a charge of corporal injury to a spouse or co-habitant in violation of CPC Section 273.5(a), for which he was sentenced to two years of imprisonment. [Id.] In 1994 Petitioner entered a plea of no contest to a charge of possession of a controlled substance in violation of Section 11350(a) of the California Health and Safety Code, for which he was sentenced to sixteen months imprisonment. [Id.]

On January 20, 1998, Petitioner was served with a notice to appear charging him with removability. [Doc. # 17, Ex. 3]. Petitioner conceded removability, but applied for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act ("INA"). On April 28, 1998, the IJ found that Petitioner was ineligible for relief under INA § 212(c). [Doc. # 17, Ex. 4 at 5]. On July 25, 2002, the BIA agreed that Petitioner was ineligible for relief under INA § 212(c) and dismissed his appeal. [Doc. # 17, Ex. 5 at 2] There is no indication that Petitioner filed a petition for review with the

Ninth Circuit Court of Appeals. On June 17, 2005 Petitioner was served with "a notice from the Department of Homeland Security which provides that Petitioner's case was administratively closed and that the case would be re-calendared and the proceedings terminated." [Doc. # 3 at 2] As a result, Petitioner filed with the BIA a motion to reopen in order to permit him to apply for a waiver of removability under INA § 212(c) in light of INS v. St. Cyr, 533 U.S. 289, 326 (2001).

On May 23, 2005, Petitioner was taken into custody, and on May 27, 2005 Petitioner was transferred to the Eloy Detention Center in Eloy, Arizona. [Id.]

## II.  MOTION TO TRANSFER GROUNDS I-III

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). Under Section 106(a)(1)(B) of the REAL ID Act, two new provisions were added to 8 U.S.C. § 1252(a). As amended by the Act, 8 U.S.C. § 1252(a)(5) now provides in relevant part that:

> (5) EXCLUSIVE MEANS OF REVIEW.–Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

REAL ID Act § 106(a)(1)(B). By this amendment, Congress has explicitly deprived this Court of jurisdiction under 28 U.S.C. § 2241 to "review an order of removal" entered under the INA. Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." REAL ID Act § 106(b). Since it appears that Grounds I-III seek judicial review of an order of removal, this Court does not have jurisdiction to entertain those claims. This provision explicitly divests the district courts of habeas corpus jurisdiction under 28 U.S.C. § 2241 to review "an order of removal"

entered under the Immigration and Nationality Act.  Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive.  Id., Section 106(b).  Thus, if Petitioner is seeking judicial review of an order of removal, this Court no longer has jurisdiction to entertain this action.  However, the potential lack of jurisdiction over those claims in this Court, does not necessarily mean that Petitioner is without a remedy.

In addition to divesting the district courts of jurisdiction to review orders of removal, the REAL ID Act also "restored judicial review for review of final removal orders" in the courts of appeals.  Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 586 (9th Cir. 2005).  Under the prior version of 8 U.S.C. § 1252(a)(2)(C), the courts of appeals were deprived of jurisdiction to review removal orders entered against certain criminal aliens.  Section 106(a)(1)(A)(iii) of the REAL ID Act restores limited jurisdiction in the courts of appeals to review removal orders entered against criminal aliens:

> (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.--Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

REAL ID Act § 106(a)(1)(A)(iii).  Additionally, Section 106(c) of the Act provides that if any § 2241 habeas corpus case "challenging a final administrative order of removal . . . is pending in a district court on the date of enactment, then the district court shall transfer the case (or any part of the case that challenges the order of removal . . .) to the [appropriate] court of appeals."  REAL ID Act § 106(c).

Respondents filed a Motion to Transfer Grounds I-III on July 19, 2005 (Doc. # 12) based on the removal order that became final in 2000, after Petitioner failed to appeal the BIA's decision upholding the IJ's order of removal and denial of Petitioner's attempt to obtain relief under INA 212(c).  [See Doc. # 17, Ex. 5].  Petitioner stated he had no objection to the transfer of Grounds I-III. [Doc. # 20 at 2]. These grounds are purely challenges to the order of removal entered after Petitioner was denied relief

on his INA § 212(c) claim. The statutory amendments to 8 U.S.C. § 1252 mandate transfer of this case, as to Grounds I-III to the Ninth Circuit Court of Appeals.

**III.     GROUND IV**

Petitioner argues in Ground IV that his current detention violates his constitutional rights to due process as he was taken into custody without a warrant on May 23, 2005 and subsequently transferred to the Eloy Detention Center on May 27, 2005. [Doc. # 1 at 7]. However, Respondents filed a Notice of Intent to Remove on January 11, 2005 (Doc. # 26). In that notice, Respondents aver that Petitioner was scheduled to be removed from the United States on January 19, 2006 at 5:00 p.m. Petitioner did not file a motion to stay the removal. Accordingly, because it is apparent that Petitioner is no longer in the custody of the United States, his claim with respect to his arrest and current detention is moot. The Court will therefore recommend that Ground IV of Petitioner's Petition for Writ of Habeas Corpus be denied as moot.

**IV.     RECOMMENDATIONS**

IT IS THEREFORE RECOMMENDED that:

1. Respondents' Motion to Transfer Grounds I-III of Petitioner's Petition for Writ of Habeas Corpus (Doc. # 12) be **GRANTED**.

2. Ground IV of Petitioner's Petition for Writ of Habeas Corpus be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to

- 5 -

1 appellate review of the findings of fact in an order or judgment entered pursuant to
2 the Magistrate Judge's recommendation.

4     DATED this 23rd day of February, 2006.

*Morton Sitver*
Morton Sitver
United States Magistrate Judge